UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Shawnathan Delrea Fort,  Case No. 3:24-cv-1644

    Plaintiff,

v.  ORDER

Delaney Weirich, et al.,

    Defendants.

On November 20, 2024, Defendants filed their Answer to Plaintiff's Complaint. (Doc. No. 7). I then issued a Case Management Order on January 23, 2025, which governs this case. (Doc. No. 8). There, I ordered:

> Dispositive Motions: If either party wishes to file a dispositive motion, said motion must be filed by June 12, 2025. Any opposition to be filed by August 14, 2025; reply to be filed by September 18, 2025. The reply concludes briefing on any dispositive motion; no sur-reply may be filed unless I order further briefing on an issue. Any memoranda related to each dispositive motion (i.e., the motion itself, any opposition brief to it, and reply in support of it) may not exceed twenty (20) pages in length. Local R. 7.1(f). Further, any exhibits in support of the memoranda must be attached.

(*Id.* at 3-4).

Only after I issued this Order, and after the limited discovery I permitted was to have begun, did Defendants file a dispositive motion seeking judgment on the pleadings. (Doc. No. 9). The February 26, 2025 motion included a 29-page memorandum in support. Because the memorandum did not comply with the page limitation set forth by my January 23, 2025 Order, and because Defendants were not granted leave to file their memorandum in excess of the page limitation, I ordered Defendants to show cause as to why their motion should not be stricken. (Doc. No. 10).

Seemingly in an attempt to comply with my Order, Defendants filed a motion for leave to file *instanter* a motion for leave to exceed the page limitations, asserting their failure to seek such leave before filing the dispositive motion that did not comply with my Order was an act of excusable neglect. (Doc. No. 11). The motion for leave to file *instanter* addresses the alleged need to exceed page limitations by stating, "Plaintiff's Complaint is handwritten and makes several interrelated constitutional issues that are often times difficult to discern. Therefore, in order to address all of Plaintiff's alleged injuries, a longer than normal briefing had to be filed." (*Id.* at 3-4). In their proposed motion to exceed page limitations, they allege, "[i]t is not the Defendants' intention to burden the Court with unnecessarily lengthy briefing, but rather, to provide the Court with a meaningful motion that may eliminate most, if not all, of Plaintiff's claims." (Doc. No. 11-1 at 2).

I appreciate that Plaintiff's Complaint is handwritten and at times difficult to understand. But based on my cursory review of Defendants' motion for judgment on the pleadings, I conclude the motion is unnecessarily lengthy. With their motion, Defendants seek to throw in everything but the kitchen sink, including arguments for judgment on the pleadings of state law claims Plaintiff has not asserted. (*See* Doc. No. 9). This approach is generally disfavored among Judges, including myself. *See, e.g., Games Workshop Ltd. v. Chapterhouse Studios, LLC*, No. , 2013 WL 12618756, at *2 (N.D. Ill. Dec. 5, 2013) ("[T]hrowing everything including the kitchen sink at the decision maker tends to cause the better points to become buried. This is not the best way to try to persuade a court.").

Because I am not persuaded that additional pages are necessary to meaningfully present their case for judgment on the pleadings, I deny Defendants' motion for leave to file *instanter* a motion for leave to exceed page limitations. (Doc. No. 11). I also strike Defendants' motion for judgment on the pleadings for noncompliance. (Doc. No. 9).

Finally, I note that, while filing a motion for judgment on the pleadings is not *prohibited* at this stage in the litigation, I find the timing of Defendants' motion untoward. That is, while Defendants now allege "all of the claims are subject to dismissal," (Doc. No. 11-1 at 2), they did not file a motion to dismiss under Rule 12(b) and waited more than three months after filing their Answer to file their motion for judgment on the pleadings under Rule 12(c). More troubling to me, they filed their motion for judgment on the pleadings only *after* I ordered discovery commence. Such timing is at odds with the goal of Rule 12 motions to "streamline[ ] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

In their motion for leave to file *instanter*, Defendants allege "[t]he length of the delay in not filing their Motion for Leave to Exceed Page Limit has had no impact on the proceedings." (Doc. No. 11 at 3). But they do not state the same about their motion for judgment on the pleadings and make no attempt to justify their delay in filing that motion.

Because discovery has begun but is limited at this time, I urge Defendants to refrain from filing a dispositive motion before the discovery I have permitted thus far has concluded. A further motion for judgment on the pleadings before that time would not streamline this litigation but could have the opposite effect of delaying it.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3